(No. 1714— )

FRED A. SAPP, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

FOLLETT & FOLLETT, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

This is a claim for damages alleged to have been caused by the negligence of a driver of a truck owned and operated by the State Highway Department of the State of Illinois at Ottawa.

The material facts are that on March 26, 1930 at approximately 10:30 a. m. one Walter Phau, an employee of the Division of Highways, Department of Public Works and Buildings of the State of Illinois was backing a Reo truck A-14 equipped with a V-snow plow from a highway garage located in the City of Ottawa, Illinois. That the said State employee backed the truck from an entrance to the garage down an alley connecting with Clinton Street in said city. At the intersection of the alley with said street there was a building owned by claimant herein, Fred A. Sapp, in the front of which were large plate glass windows. That on this occasion there was a car parked in the alley near the intersection with Clinton Street and on the opposite side of the alley from the Sapp building. The width of the alley was eighteen feet measured from building to building near the point of its intersection with Clinton Street.

Further, that in backing said truck down the alley it became necessary for the employee, Walter Phau, to pass between the parked automobile and the Sapp building. The truck driver was closely watching the parked automobile so as not to strike it with his truck when the left corner of the V-snow plow came in contact with the plate glass window, near the front of the Sapp building, breaking it. That said plate glass window was five feet, one and one-half inches by seven feet, seven and one-half inches in size. That at the time of the accident the surface of the alley and street was slippery due to snow and ice. The cost of replacing said window was Forty-four and 50/100 Dollars, as shown by the itemized statement of such expenditure. Claimant, at the time, carried no plate-glass insurance to cover said loss.

It has been stated many times in the decisions handed down by this court that the maintenance of a State highway is a governmental function which the State exercises through its officers and employees. If in the discharge of his duties an employee of the State is negligent and such negligence causes damage to property, as in this case, the negligence is an act of the employee only and cannot be regarded as the act of the State.

Therefore, no award will be made for damages caused by the alleged negligence of an employee of the State, unless there is a statute expressly making the State so liable.

The claimant's right of action in this case is against the driver of the truck and not against the State.

The claim is, therefore, denied and the cause dismissed.